IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-1615-REB-KLM

ARISTA RECORDS LLC,
ATLANTIC RECORDING CORPORATION,
BMG MUSIC,
CAPITAL RECORDS,
ELEKTRA ENTERTAINMENT GROUP INC.,
INTERSCOPE RECORDS,
LAFACE RECORDS LLC,
LAVA RECORDS LLC,
MOTOWN RECORD COMPANY, LP,
SONY BMG MUSIC ENTERTAINMENT,
UMG RECORDINGS, INC.,
VIRGIN RECORDS AMERICA, INC.,
WARNER BROS. RECORDS INC., and
ZOMBA RECORDING LLC,

        Plaintiff(s),

v.

DOES 1-10,

        Defendant(s).

_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

        This matter comes before the Court pursuant to Plaintiffs' *Ex Parte* Application for
Leave to Take Immediate Discovery [Docket No. 2, Filed July 31, 2007]("Plaintiffs'
application").    Having considered Plaintiffs' application, and the accompanying
Memorandum of Law in Support of *Ex Parte* Application for Leave to Take Immediate

Discovery and Declaration of Carlos Linares [Docket No. 3, Filed July 31, 2007], the Court concludes Plaintiffs' application should be **GRANTED**, **as modified below.**

On July 31, 2007, Plaintiffs filed a Complaint for copyright infringement against ten John Doe Defendants. The Complaint alleges that the John Doe Defendants have illegally distributed and/or downloaded copyrighted recordings owned by Plaintiffs in violation of the Copyright Act, 17 U.S.C. §101, *et seq.* However, the identities of the John Doe Defendants are unknown. Plaintiffs assert that they are only able to identify Defendants by unique Internet Protocol addresses.

To ascertain Defendants' identities, Plaintiffs seek permission to obtain immediate discovery from Defendants' Internet Service Provider, Qwest Communications Corporation ("Qwest") by serving a Rule 45 subpoena seeking each Defendant's true name, current (and permanent) address, telephone number, email address, and Media Access Control address. According to Plaintiffs, Qwest keeps activity log files for subscribers which hold this information. [Docket No. 3, pp. 2-3].

While ordinarily a party may not seek discovery prior to conferring with its opponent pursuant to Fed. R. Civ. P. 26(d), a court order may allow expedited discovery upon a showing of good cause. *Qwest Commc'ns. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Here, Plaintiffs argue that their immediate need of the data in the activity log files establishes good cause. They indicate that Qwest keeps the activity log files for subscribers only for a limited time. Plaintiffs might never identify the John Doe Defendants without obtaining access to the data contained in these logs. *See* Decl. Carlos Linares [Docket No. 3, Exhibit A].

As such, Plaintiff has sufficiently alleged good cause in support of its application. *See Qwest Commc'ns*, 213 F.R.D. at 419 (holding that good cause is shown where evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation"). However, because Plaintiffs' application is *ex parte*, Plaintiffs should serve a copy of this Order along with the subpoena, giving Qwest ten days to move to quash the subpoena if it so chooses.

IT IS HEREBY **ORDERED:**

1.    Plaintiff's application [Docket No. 2] is **GRANTED**. Plaintiff's may serve a Rule 45 subpoena on Qwest that seeks information sufficient to identify each Defendant's true name, current   (and permanent) address, telephone number, email address, and Media Access Control address;

2.    Plaintiffs' **shall** serve a copy of this Order on Qwest along with the subpoena;

3.      If Qwest wishes to move to quash the subpoena, it must do so within ten (10) days of being served with it; and

4.      Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

Dated:      September 25, 2007

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge